THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RANA CHIRIBOGA )<br>and FRANK CHIRIBOGA, )<br>      Plaintiffs, )<br>  v. )<br>)<br>THE STEAK AND SHAKE COMPANY, )<br>an Indiana Corporation; )<br>STEAK 'N SHAKE OPERATIONS, INC., )<br>an Indiana Corporation; and, )<br>DART CONTAINER CORPORATION, )<br>a Michigan Corporation, )<br>      Defendants. ) | No. 07 C 6173<br><br>Judge Lindberg<br><br>Magistrate Judge Cole |

### ANSWER TO PLAINTIFF'S COMPLAINT AND AFFIRMATIVE DEFENSES

  NOW COMES the Defendants, THE STEAK AND SHAKE COMPANY and STEAK 'N SHAKE OPERATIONS, INC., by and through their attorneys, Grant, Ross & Fanning, and in Answer to the Plaintiffs' Complaint at Law, states:

### COUNT I

  1. That on November 1, 2005, Defendant THE STEAK AND SHAKE COMPANY, an Indiana Corporation, was a restaurant business with its principle place of business in the State of Indiana.

  **ANSWER: This defendant admits the allegations contained in Count I of Paragraph 1 of Plaintiff's Complaint at Law.**

  2. That on said date, Defendant DART CONTAINER CORPORATION was a Michigan corporation with its principle place of business in the State of Michigan and was engaged in the design, manufacture, and distribution of *inter alia* "take out" soup lids, containers, and paper bags for THE STEAK AND SHAKE COMPANY and STEAK 'N SHAKE OPERATIONS, INC.

1

**ANSWER:    This Defendant neither admits nor denies the allegations contained in Paragraph 2 of Count I of Plaintiff's Complaint at Law but demands strict proof thereof.**

3. That on said date, THE STEAK AND SHAKE COMPANY, an Indiana Corporation, owned a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:    This Defendant admits the allegations of Paragraph 3 of Count I of Plaintiff's Complaint at Law.**

4. That on said date, THE STEAK AND SHAKE COMPANY, an Indiana Corporation, operated a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:    This Defendant denies the allegations contained in Paragraph 4 of Count I of Plaintiff's Complaint at Law.**

5. That from November 1, 2005 to the present RANA CHIRIBOGA and FRANK CHIRIBOGA have been citizens of Illinois.

**ANSWER:    This Defendant neither admits nor denies the allegations contained in Paragraph 5 of Count I of Plaintiff's Complaint at Law but demands strict proof thereof.**

6. That jurisdiction is based on 28 U.S.C. 1332, diversity of citizenship.

**ANSWER:    This Defendant admits the allegations of Paragraph 6 of Count I of Plaintiff's Complaint at Law.**

7. That venue is based on 28 U.S.C. 1391(a)(2.).

**ANSWER:    This Defendant admits the allegation of Paragraph 7 of Count I of Plaintiff's Complaint at Law.**

8. That on said date, RANA CHIRIBOGA and FRANK CHIRIBOGA were married.

**ANSWER:    This Defendant neither admits nor denies the allegation contained in Paragraph 8 of Count I of Plaintiff's Complaint at Law but demands strict proof thereof.**

9. That on said date, at said restaurant RANA CHIRIBOGA purchased an order of food, including hot soup with lid, to "take out" in a bag provided by said restaurant.

**ANSWER: This Defendant neither admits nor denies the allegation contained in Paragraph 9 of Count I of Plaintiff's Complaint at Law but demands strict proof thereof.**

10. That on said date, RANA CHIRIBOGA returned home after purchasing food from said restaurant and when she tried to pick up said bag it fell apart and allowed hot soup to spill on her and on the floor around her.

**ANSWER: This Defendant neither admits nor denies the allegation contained in Paragraph 10 of Count I of Plaintiff's Complaint at Law but demands strict proof thereof.**

11. That on said date, RANA CHIRIBOGA fell as a result of the spilling of the soup.

**ANSWER: This Defendant neither admits nor denies the allegation contained in Paragraph 11 of Count I of Plaintiff's Complaint at Law but demands strict proof thereof.**

12. That disregarding its duty to exercise ordinary care, THE STEAK AND SHAKE COMPANY, by and through its employees was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinaftermentioned:

    a. Failed to use appropriate soup bowls, lids, and bags for customers, including RANA CHIRIBOGA, who purchased hot soup to "take out";

    b. Failed to warn RANA CHIRIBOGA of the inadequacy of the soup bowls, ids, and bags for the bowls of "take out" soup purchased by her;

    c. Failed to properly arrange and package the "take out" soup containers purchased by RANA CHIRIBOGA in the "take out" bag such that the hot soup destroyed the bowls, lids and bag and hot soup spilled onto RANA CHIRIBOGA and on the floor.

    d. Failed to train its employees in the proper arrangement and packaging of hot soup for "take out" customers.

**ANSWER:   This Defendant denies the allegations in Paragraph 12 including subparagraphs (a) through (d) of Count I of Plaintiff's Complaint at Law.**

13. That as a direct and proximate result of one or more of the following careless and negligent acts or omissions of duty, Plaintiff RANA CHIRIBOGA was injured; that she sustained injuries to her back, hip and leg and other parts of her body; that she has been required to spend sums of money for medical care in an endeavor to be cured of her injuries; that she has in the past been subjected to great pain, suffering and disability and will in the future; that she has been unable to attend to her usual duties.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 13 of Count I of Plaintiff's Complaint at Law, but demands strict proof thereof.**

**WHEREFORE**, the defendant, denies that the plaintiff is entitled to any judgment whatsoever against it and further prays for an Order of Court dismissing this cause, together with an Order awarding the defendant costs and attorney's fees and for all other relief this Court deems proper on the premises for having to appear and defend this action.

## COUNT II

1. That on November 1, 2005, Defendant THE STEAK AND SHAKE COMPANY, an Indiana Corporation, was a restaurant business with its principle place of business in the State of Indiana.

**ANSWER:   This Defendant admits the allegation contained in Paragraph 1 of Count II of Plaintiff's Complaint at Law.**

2. That on said date, Defendant DART CONTAINER CORPORATION was a Michigan corporation with its principle place of business in the State of Michigan and was

engaged in the design, manufacture, and distribution of *inter alia* "take out" soup lids, containers, and paper bags for THE STEAK AND SHAKE COMPANY and STEAK 'N SHAKE OPERATIONS, INC.

**ANSWER:  This Defendant neither admits nor denies the allegations the allegations contained in Paragraph 2 of Count II of Plaintiff's Complaint at Law but demands strict proof thereof.**

3. That on said date, THE STEAK AND SHAKE COMPANY, an Indiana Corporation, owned a restaurant called "Steak a Shake" in Glendale Heights, Illinois.

**ANSWER:  This Defendant admits the allegations contained Paragraph 3 of Count II of Plaintiff's Complaint at Law.**

4. That on said date, THE STEAK AND SHAKE COMPANY, an Indiana Corporation, operated a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:  This Defendant denies the allegation contained in Paragraph 4 of Count II of Plaintiff's Complaint at Law.**

5. That from November 1, 2005 to the present, RANA CHIRIBOGA and FRANK CHIRIBOGA, have been citizens of Illinois.

**ANSWER:  This Defendant neither admits nor denies the allegations contained in Paragraph 5 of Count II of Plaintiff's Complaint at Law but demands strict proof thereof.**

6. That jurisdiction is based on 28 U.S.C. 1332, diversity of citizenship.

**ANSWER:  This Defendant admits the allegation contained in Paragraph 6 of Count II of Plaintiff's Complaint a Law.**

7. That venue is based on 28 U.S.C. 1391(a)(2).

**ANSWER:   This Defendant admits the allegation contained in Paragraph 7 of Count II of Plaintiff's Complaint at Law.**

8. That on said date, RANA CHIRIBOGA and IRANK CHIRIBOGA were married.

**ANSWER:   This Defendant neither admits nor denies the allegations contained in Paragraph 8 of Count II of Plaintiff's Complaint at Law but demands strict proof thereof.**

9. That on said date, at said restaurant, RANA CHIRIBOGA purchased an order of food, including hot soup with lids, to "take out" in a bag provided by said restaurant.

**ANSWER:   This Defendant neither admits nor denies the allegations contained in Paragraph 8 of Count II of Plaintiff's Complaint at Law but demands strict proof thereof.**

10. That on said date, RANA CHIRIBOGA returned home after purchasing food from said restaurant and when she tried to pick up said bag it fell apart and allowed hot soup to spill on her and on the floor around her.

**ANSWER:   This Defendant neither admits nor denies the allegations contained in Paragraph 10 of Count II of Plaintiff's Complaint at Law but demands strict proof thereof.**

11. That on said date, RANA CHIRIBOGA fell as a result of the spilling of the soup.

**ANSWER:   This Defendant neither admits nor denies the allegation contained in Paragraph 11 of Count II of Plaintiff's Complaint at Law but demands strict proof thereof.**

12. That disregarding its duty to exercise ordinary care, THE STEAK.AND SHAKE COMPANY, by and trough its employees was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinaftermentioned:

    a. Failed to use appropriate soup bowls, lids, and bags for customers, including RANA CHIRIBOGA, who purchased hot soup to "take out";

    b. Failed to warn RANA CHIRIBOGA of the inadequacy of the soup bowls,

          lids, and bags for the bowls of "take out" soup purchased by her;

    c.    Failed to properly arrange and package the "take out" soup containers purchased by RANA CHIRIBOGA in the "take out" bag such that the hot soup destroyed the bowls, lids and bag and hot soup spilled onto RANA CHIRIBOGA and on the floor.

    d.    Failed to train its employees in the proper arrangement and packaging of hot soup for "take out" customers.

**ANSWER: This Defendant denies the allegations contained in Paragraph 12 including subparagraphs (a) through (d) of Count II of Plaintiff's Complaint at Law.**

13.    That as a direct and proximate result of one or more of the following careless and negligent acts or omissions of duty, Plaintiff RANA CHIRIBOGA was injured; that her husband, Plaintiff FRANK CHIRIBOGA has become responsible for sums of money for medical bills in attempts to care for her injuries; that he suffered and will suffer a loss of consortium.

**ANSWER: This Defendant denies the allegations of Paragraph 13 of Count II of Plaintiff's Complaint at Law.**

**WHEREFORE**, the defendant, denies that the plaintiff is entitled to any judgment whatsoever against it and further prays for an Order of Court dismissing this cause, together with an Order awarding the defendant costs and attorney's fees and for all other relief this Court deems proper on the premises for having to appear and defend this action.

## COUNT III

1.    That on November 1, 2005, Defendant STEAK 'N SHAKE OPERATIONS, INC., an Indiana Corporation, was restaurant business with its principle place of business in the State of Indiana.

**ANSWER: This Defendant admits the allegations in Paragraph 1 of Count III of Plaintiff's Complaint at Law.**

7

2.      That on said date, Defendant DART CONTAINER CORPORATION was a Michigan corporation with its principle place of business in the State of Michigan and was engaged in the design, manufacture, and distribution of *inter alia* "take out" soup lids, containers, and paper bags for THE STEAK AND SHAKE COMPANY and STEAK 'N SHAKE OPERATIONS, INC.

**ANSWER:    This Defendant neither admits nor denies the allegation in Paragraph 2 of Count III of Plaintiff's Complaint at Law but demand strict proof thereof.**

3.      That on said date, STEAK 'N SHAKE OPERATIONS, INC., an Indiana Corporation, owned a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:    This Defendant denies the allegation in Paragraph 3 of Count III of Plaintiff's Complaint at Law.**

4.      That on said date, STEAK 'N SHAKE. OPERATIONS, INC., an Indiana Corporation, operated a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:    This Defendant admits the allegation in Paragraph 4 of Count III of Plaintiff's Complaint at Law.**

5.      That from November 1, 2005 to the present, RANA CHIRIBOGA and FRANK CHIRIBOGA, have been citizens of Illinois.

**ANSWER:    This Defendant neither admits nor denies the allegations in Paragraph 5 of Count III of Plaintiff's Complaint at Law, but demands strict proof thereof.**

6.      That jurisdiction is based on 28 U.S.C. 1332, diversity of citizenship.

**ANSWER:    This Defendant admits the allegation contained in Paragraph 6 of Count III of Plaintiff's Complaint at Law.**

7.      That venue is based on 28 U.S C. l391(a)(2).

**ANSWER:** **This Defendant admits the allegations contained in Paragraph 7 of Count III of Plaintiff's Complaint at Law.**

8. That on said date, RANA CHIRIBOGA and FRANK CHIRIBOGA were married.

**ANSWER:** **This Defendant neither admits nor denies the allegation in Paragraph 8 of Count III of Plaintiff's Complaint at Law but demand strict proof thereof.**

9. That on said date, at said restaurant, Plaintiff RANA CHIRIBOGA purchased an order of food, including hot soup with lids, to "take out" in a bag provided by said restaurant.

**ANSWER:** **This Defendant neither admits nor denies the allegation in Paragraph 9 of Count III of Plaintiff's Complaint at Law but demands strict proof thereof.**

10. That on said date, RANA CHIRIBOGA returned home after purchasing food from said restaurant and when she tried to pick up said bag it fell apart and allowed hot soup to spill on her and on the floor around her.

**ANSWER:** **This Defendant neither admits nor denies the allegation in Paragraph 10 of Count III of Plaintiff's Complaint at Law but demands strict proof thereof.**

11. That on said date, RANA CHIRIBOGA fell as a result of the spilling of the soup.

**ANSWER:** **This Defendant neither admits nor denies the allegation in Paragraph 11 of Count III of Plaintiff's Complaint at Law but demands strict proof thereof.**

12. That disregarding its duty to exercise ordinary care, STEAK 'N SHAKE OPERATIONS, INC., by and through its employees was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinaftermentioned:

    a. Failed to use appropriate soup bowls, lids, and bags for customers, including RANA CHIRIBOGA, who purchased hot soup to "take out";

  b. Failed to warn RANA CHIRIBOGA of the inadequacy of the soup bowls, lids, and bags for the bowls of "take out" soup purchased by her;

  c. Failed to properly arrange and package the "take out" soup containers purchased by RANA CHIRIBOGA in the "take out" bag such that the hot soup destroyed the bowls, lids and bag and hot soup spilled onto RANA CHIRIBOGA and on the floor.

  d. Failed to train its employees in the proper arrangement and packaging of hot soup for "take out" customers.

  **ANSWER: This Defendant denies the allegations in Paragraph 12 including subparagraphs (a) through (d) of Count III of Plaintiff's Complaint at Law.**

  13. That as a direct and proximate result of one or more of the following careless and negligent acts or omissions of duty, RANA CHIRIBOGA was injured; that she sustained injuries to her back, hip and leg and other parts of her body; that she has been required to spend sums of money for medical care in an endeavor to be cured of her injuries, that she has in the past been subjected to great pain, suffering and disability and will in the future; that she has been unable to attend to her usual duties.

  **ANSWER: This Defendant denies the allegations of Paragraph 13 of Count III of Plaintiff's Complaint at Law.**

  **WHEREFORE**, the defendant, denies that the plaintiff is entitled to any judgment whatsoever against it and further prays for an Order of Court dismissing this cause, together with an Order awarding the defendant costs and attorney's fees and for all other relief this Court deems proper on the premises for having to appear and defend this action.

## COUNT IV

  1. That on November 1, 2005, Defendant STEAK 'N SHAKE OPERATIONS, INC., an Indiana Corporation, was a restaurant business with its principle place of business in the State of Indiana.

**ANSWER:   This Defendant admits the allegation contained in Paragraph 1 of Count IV of Plaintiff's Complaint at Law.**

2.     That on said date, Defendant DART CONTAINER CORPORATION was a Michigan corporation with its principle place of business in the State of Michigan and was engaged in the design, manufacture, and distribution of *inter alia* "take out" soup lids, containers, and paper bags for THE STEAK AND SHAKE COMPANY and STEAK 'N SHAKE OPERATIONS, INC.

**ANSWER:   This Defendant neither admits nor denies the allegations in Paragraph 2 of Count IV of Plaintiff's Complaint at Law but further demands strict proof thereof.**

3.     That on said date, STEAK 'N SHAKE OPERATIONS, INC., an Indiana Corporation, owned a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:   This Defendant denies the allegation in Paragraph 3 of Count IV of Plaintiff's Complaint at Law.**

4.     That on said date, STEAK 'N SHAKE OPERATIONS, INC., an Indiana Corporation, operated a restaurant called "STEAK 'N SHAKE" in Glendale Heights, Illinois.

**ANSWER:   This Defendant admits the allegation in Paragraph 4 of Count IV of Plaintiff's Complaint at Law.**

5.     That from November 1, 2005 to the present, RANA CHIRIBOGA and FRANK CHIRIBOGA, have been citizens of Illinois.

**ANSWER:   This Defendant neither admits or denies the allegations of Paragraph 5 of Count IV of Plaintiff's Complaint at Law but further demands strict proof thereof.**

6.     That jurisdiction is based on 28 U.S.C. 1332, diversity of citizenship.

**ANSWER:    This Defendant admits the allegation contained in Paragraph 6 of Count IV of Plaintiff's Complaint at Law.**

7.   That venue is based on 2.8 U.S.C. 1391(a)(2).

**ANSWER:    This Defendant admits the allegation in Paragraph 7 of Count IV of Plaintiff's Complaint at Law.**

8.   That on said date, RANA CHIRIBOGA and FRANK CHIRIBOGA were married.

**ANSWER:    This Defendant neither admits nor denies the allegations contained in Paragraph 8 of Count IV of Plaintiff's Complaint at Law but further demands strict proof thereof.**

9.   That on said date, at said restaurant, RANA CHIRIBOGA purchased an order of' food, including hot soup with lids, to "take out" in a bag provided by said restaurant.

**ANSWER:    This Defendant neither admits nor denies the allegations contained in Paragraph 8 of Count IV of Plaintiff's Complaint at Law and further demands strict proof thereof.**

10.   That on said date, RANA CHIRIBOGA returned home after purchasing food from said restaurant and when she tried to pick up said bag it fell apart and allowed hot soup to spill on her and on the floor around her.

**ANSWER:    This Defendant neither admits nor denies the allegations contained in Paragraph 10 of Count IV of Plaintiff's Complaint at Law but further demands strict proof thereof.**

11.   That on said date, RANA CHIRIBOGA fell as a result of the spilling of the soup.

**ANSWER:   This Defendant neither admits nor denies the allegations contained in Paragraph 11 of Count IV of Plaintiff's Complaint at Law and further demands strict proof thereof.**

12. That disregarding its duty to exercise ordinary care, STEAK 'N SHAKE OPERATIONS, INC., by and through its employees was guilty of one or more of the following careless and negligent acts or omissions of duty that proximately caused the injuries and damages hereinaftermentioned:

   a. Failed to use appropriate soup bowls, lids, and bags customers, including RANA CHIRIBOGA, who purchased hot soap to "take out";

   b. Failed to warn Plaintiff of the inadequacy of the soup bowls, lids, and bags for the bowls of "take out' soup purchased by her;

   c. Failed to properly an arrange and package the soup containers purchased by RANA CHIRIBOGA in the "take out" bag such that the hot soup destroyed the bowls, lids and bag and hot soup leaked onto RANA CHIRIBOGA and on the floor.

   d. Failed to train its employees in the proper arrangement and packaging of hot soup for "take out" customers.

**ANSWER:   This Defendant denies the allegations in Paragraph 12 including subparagraphs (a) through (d) of Count IV of Plaintiff's Complaint at Law but further demands strict proof thereof.**

13. That as a direct and proximate result of one or mom of the following careless and negligent acts or omissions of duty, Plaintiff RANA CHIRIBOGA was injured; that her husband, Plaintiff FRANK CHIRIBOGA has become responsible for sums of money for medical bills in attempts to care for her injuries; that he suffered and will suffer a loss of consortium.

**ANSWER:   This Defendant denies the allegations contained in Paragraph 13 of Count IV of Plaintiff's Complaint at Law and further demands strict proof thereof.**

**WHEREFORE**, the defendant, denies that the plaintiff is entitled to any judgment whatsoever against it and further prays for an Order of Court dismissing this cause, together with an Order awarding the defendant costs and attorney's fees and for all other relief this Court deems proper on the premises for having to appear and defend this action.

## COUNTS V, VI, VII AND VIII

These Defendant makes no answer to Counts V, VI, VII and VIII of Plaintiff's Complaint at Law as these allegations are not directed to these Defendants.

## FIRST AFFIRMATIVE DEFENSE

Defendants, for their first affirmative defense against plaintiff, states:

1. Plaintiff had the duty to exercise reasonable care for her own safety.

2. That Plaintiff, at the time of the occurrence complained of, was then and there guilty of one or more of the following careless and negligent acts or omissions in breach of the duty owed as follows:

   a. Failed to check and observe the contents of the bag before picking it up;

   b. Failed to use two hands to pick up the bag or otherwise exercise reasonable care in picking up the bag.

3. That one or more of the foregoing careless and negligent acts or omissions of the Plaintiff proximately caused or contributed to more than 50% of the complained of injuries and damages and therefore pursuant to 735 ILCS 5/2-1116, judgment must be entered in favor of the Defendant and against the plaintiff.

**WHEREFORE**, the Defendants, THE STEAK AND SHAKE COMPANY and STEAK 'N SHAKE OPERATIONS, INC., prays that this Court enter judgment in its favor and against the Plaintiff and for all other relief this Court deems proper in the premises.

**SECOND AFFIRMATIVE DEFENSE**

Defendant, for its Second Affirmative Defense, states as follows:

1. Plaintiff had the duty to exercise reasonable care for her own safety.

2. That Plaintiff, at the time of the occurrence complained of, was then and there guilty of one or more of the following careless and negligent acts or omissions in breach of the duty owed as follows:

   a. Failed to check and observe the contents of the bag before picking it up;

   b. Failed to use two hands to pick up the bag or otherwise exercise reasonable care in picking up the bag.

3. That one or more of the foregoing careless and negligent acts or omissions of the Plaintiff proximately caused or contributed to less than 50% of the complained of injuries and damages and therefore pursuant to 735 ILCS 5/2-1116, Plaintiff's recovery, if any, should be reduced by that percentage of fault attributable to the Plaintiff.

**WHEREFORE**, the Defendant, THE STEAK AND SHAKE COMPANY, and STEAK 'N SHAKE OPERATIONS, INC., prays that any judgment in favor of the Plaintiff be reduced by that percentage to which Plaintiff's own acts or omissions proximately caused the injuries and damages complained of, and for all other relief this Court deems proper in the premises.

/s/ Todd E. Carlson
GRANT, ROSS & FANNING
Attorneys for THE STEAK AND SHAKE COMPANY
and STEAK 'N SHAKE OPERATIONS, INC.,
550 W. Washington Blvd., Ste. 1600
Chicago, IL  60661
(312) 775-9750
Atty ID 6190273